11


United States District Court
Southern District of Texas
FILED

NOV 21 2001


Michael N. Milby
Clerk of Court

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| Plaintiff, | § | |
| v. | § | CIVIL NO. B-01-165 |
| | § | |
| ONE 1993 FORD F-150 TRUCK | § | |
| VIN No. 1FTEX15NOPKA80829 | § | |
| Defendant. | § | |

## JOINT MOTION FOR VOLUNTARY DISMISSAL
## WITH PREJUDICE

TO THE HONORABLE JUDGE OF SAID COURT:

COME NOW, the United States of America, Plaintiff herein, by and through its United States Attorney, Gregory A. Serres, and claimant, Jose Flores Lopez, by and through his counsel Sean P. Belleville, pursuant to Rule 7 of the Federal Rules of Civil Procedure, and move to dismiss the above-styled and numbered cause with prejudice as to both parties. The parties stipulate and agree that any and all claims in any way related to the 1993 FORD F-150 TRUCK, VIN No. 1FTEX15NOPKA80829, which is the Defendant Property in the instant case, have been completely resolved in the related criminal case, B-01-314-S1. In B-01-314-S1, Defendant entered a guilty plea and agreed to a criminal forfeiture order as part of his sentence. On November 7, 2001, the District Court issued an Agreed Order of Criminal Forfeiture, a copy of which is attached. In paragraph 3F of that agreed order, the Defendant Property is ordered forfeited to the United States.

The parties agree and stipulate that each party will bear its own costs and attorney fees related to this proceeding and any other proceeding related to the Defendant Property, including, but not limited to, the prior administrative proceeding. The parties further agree and stipulate that reasonable cause, as that term is set forth in 28 U.S.C. § 2465, existed to seize and detain the Defendant Property and to initiate the forfeiture action against the Defendant Property. Finally, the parties mutually release one another and all employees, representatives, and agents

2

of the parties as to any liability in any way related to the seizure and initiation of this forfeiture action.

WHEREFORE, PREMISES CONSIDERED, the parties request this Court grant their joint motion for dismissal of this case.

Respectfully submitted,

| | |
|---|---|
| GREGORY A. SERRES<br>UNITED STATES ATTORNEY | JOSE FLORES LOPEZ<br>CLAIMANT |
| *(signature)*<br>By: RONALD G. MORGAN<br>Assistant United States Attorney<br>Fed. Bar No. 23902<br>600 East Harrison Street, Ste 201<br>Brownsville, Texas 78520<br>(956) 548-2554 | *(signature)*<br>By: SEAN P. BELLEVILLE<br>Claimant's Counsel<br>Law Offices of Ernest Gamez, Jr.<br>777 East Harrison Street<br>Brownsville, Texas 78520<br>(956) 541-3820 |

2

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

NOV 0 7 2001

Michael N. Milby
Clerk of Court

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| V. | § | CRIMINAL NO. B-01-314-S1-01 |
| | § | |
| JOSE FLORES LOPEZ | § | |

## AGREED ORDER OF CRIMINAL FORFEITURE

On September 21, 2001, the United States and Defendant JOSE FLORES LOPEZ ("Defendant") informed the Court that they had reached an agreement concerning the criminal forfeiture of certain property. The United States and Defendant agree, and the Court ORDERS the following:

1. On July 3, 2001, a federal Grand Jury returned a 22-count Superceding Criminal Indictment against Defendant. The Superceding Criminal Indictment included a criminal forfeiture count under 18 U.S.C. § 982 (Count 22), and sought forfeiture of any and all interest in property involved in a violation of 18 U.S.C. § 1546, and any property traceable to such property, including but not limited to real estate in Brownsville, Texas, $9,190.12 in United States Currency, $1,680.00 in money orders, approximately 170 liquor bottles, a coin collection valued at $883.90 and assorted jewelry valued at $65,911.00 and all interests and proceeds traceable thereto.

2. On July 6, 2001, Defendant entered a plea of Guilty to the several counts of the Superceding Criminal Indictment, including Count 22. The Court accepted the pleas.

3. As part of the plea agreement entered into between the Defendant and the United

States, Defendant knowingly and voluntarily agrees to forfeit to the United States any and all interest in property involved in violations of 18 U.S.C. § 1546 and any property derived directly or indirectly therefrom (collectively "The Property") as property traceable to, and constituting or derived from, proceeds obtained by Defendant directly or indirectly from the conduct alleged in Counts 1, 4, 5, 6, 7, 8, 9, 12, 16 and 18 of the Superceding Criminal Indictment. The Government and defendant admit "The property" that is subject to criminal forfeiture under 18 U.S.C. § 982, as property involved in, or traceable to, a violation of 18 U.S.C. § 1546 is as follows:

    A.    4420 Southmost Road, Brownsville, Cameron County, Texas, to wit: a tract of land described as Isla de Palmas Section VI, Abstract 2, Block K1, Lot 4 (parcel #03-9989-0010-0040-00);

    B.    The amount of $9,190.12 in U.S. currency;

    C.    Four money orders in the amount of $1,680.00, more specifically described as Albertson's Money Order 06-381402111 in the amount of $500.00, Albertson's Money Order 06-381402113 in the amount of $400.00, Albertson's Money Order 06-381402114 in the amount of $480.00 and Diamond Shamrock Money Order 7456411392 in the amount of $300.00;

    D.    One hundred seventy (170) bottles of liquor;

    E.    Assorted jewelry valued at $65,911.00 as further described in Shannon Appraisal dated May 24, 2001;

    F.    One 1993 Ford F-150 truck, Vehicle Identification Number 1FTEX15NOPKA80829;

4.  Defendant agrees that if as a result of his acts or omissions, The Property is not available under 21 U.S.C. § 853(p)(1-5), any property of the Defendant is subject to seizure and forfeiture up to the amount of $180,000.00. Accordingly, the sum of $180,000.00 ("The Forfeited Sum") is ordered to be forfeited from defendant under 21 U.S.C. § 853(p), as incorporated by 18 U.S.C. § 982(b)(1).

5.  The Defendant agrees to provide a sworn financial statement to counsel for the United States within 10 days of the date this Order is signed.

6.  Under 21 U.S.C. § 853(g), the Court orders that the Defendant, and others acting in concert with him, shall be and are hereby restrained from selling, leasing, encumbering, pledging, hypothecating or otherwise transferring all or any portion of any asset or property, real or personal, tangible or inchoate, in which Defendant owns any legal or equitable interest, without advance written permission from the Court or the United States Attorney's Office.

7.  The United States shall have all post-judgment civil or other remedies available to collect The Forfeited Sum. Execution shall issue in favor of the United States to collect The Forfeited Sum if not timely paid in full in accordance with law.

8.  The Property is forfeited to the United States. Any property seized or forfeited pursuant to this Order shall be disposed of by the U.S. Marshal's Service, or their designee, in accordance with law. Defendant shall execute all documents necessary to assist the United States in obtaining and conveying clear title to property subject to seizure or forfeiture under this Order.

9.  Nothing in this Agreed Order shall waive or otherwise affect the United States' ability to seek, and the Court to order, forfeiture of property or assets traceable to violations of 18 U.S.C.

3

§ 1546 as a result of the counts to which Defendant pled guilty.

     10.    This is an Order of Criminal Forfeiture pursuant to 18 U.S.C. § 982 and Fed. R. Crim. P., Rules 32(d)(2) and 32.2.

SIGNED on the _17_, day of _November_, 2001, at Brownsville, Texas.

                               HILDA TAGLE
                               UNITED STATES DISTRICT JUDGE

APPROVED AS TO FORM AND SUBSTANCE:

GREGORY A. SERRES
UNITED STATES ATTORNEY

By: _Oscar Ponce_
Oscar Ponce
Assistant United States Attorney
Fed. Bar No. 11420
600 East Harrison Street, #201
Brownsville, Texas 78520
(956) 548-2554

By: _Ernest Gamez w/p LaBelleville_
Ernest Gamez, Jr.                     (23943)
Attorney for Defendant                Fed ID №
Fed. Bar No. _8645_
777 East Harrison Street
Brownsville, Texas 78520
(956) 541-3820

By: _Jose Flores Lopez_
JOSE FLORES LOPEZ, Defendant

4

## CERTIFICATE OF SERVICE

I hereby certify that on the __31st__ day of __November__, 2001 a copy of the foregoing JOINT MOTION FOR VOLUNTARY DISMISSAL WITH PREJUDICE was provided to Sean P. Belleville, counsel for Claimant, at the following address:

Sean P. Belleville
Law Offices of Ernest Gamez, Jr.
777 East Harrison Street
Brownsville, Texas 78520

RONALD G. MORGAN
Assistant United States Attorney

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
## BROWNSVILLE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, § | |
| Plaintiff, § | |
| v. § | CIVIL NO. B-01-165 |
| § | |
| ONE 1993 FORD F-150 TRUCK § | |
| VIN No. 1FTEX15NOPKA80829 § | |
| Defendant. § | |

### ORDER OF DISMISSAL

CAME to be considered the joint motion for dismissal with prejudice of the parties in the above-styled and numbered case.

Because the parties to this action have agreed to the dismissal of plaintiff's action and Claimant's claim to the Defendant Property, ONE 1993 FORD F-150 TRUCK, VIN No. 1FTEX15NOPKA80829, with prejudice and because the parties agree to bear their own costs and attorney fees, the Court finds that it should grant the joint motion. Further, because the parties stipulate and agree that reasonable cause, as that term is set forth in 28 U.S.C. § 2465, existed to seize and detain the Defendant Property and to initiate the forfeiture action against the Defendant Property, the Court finds that such reasonable cause existed.

THEREFORE, the above-styled and numbered cause is hereby DISMISSED with prejudice as to both parties. Each party shall bear its own costs and attorney fees. The United States Marshals Service, or whomsoever has custody of the Defendant Property, shall dispose of the Defendant Property in accordance with law and the provisions of the criminal forfeiture ordered

entered by the Court in Criminal case B-01-314-S1.

SIGNED on this the ___ day of _____, 2001 in Brownsville, Texas.

_____
JUDGE PRESIDING